[Eborn v. Clark, et al.]

# Eborn v. Clark, et al.

*Bill to Enjoin Foreclosure and Set Off Damages.*

(Decided December 4, 1913.  63 South. 1018.)

1. *Appeal and Error; Review; Questions Considered.*—On appeal the court should consider and decide only questions material to the disposition of the case.

2. *Vendor and Purchaser; Amount Conveyed; Set Off; Shortage in Acreage.*—Where a sale of land is by metes and bounds for a gross amount for the whole tract, and not by the acre, the purchaser cannot recover for a shortage in acreage.

APPEAL from Russell Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Betty E. Eborn against W. O. Clark and another, to prevent foreclosure and to set off certain items against the notes secured by the mortgage. Decree for respondents and complainants appeal. Affirmed.

W. E. MARTIN, for appellant. The note is non negotiable and subject to the set off and discounts held against it by the maker.—Sec. 5161, Code 1907. No notice to Clark was necessary before the assignment to him.—*Jones v. Lowery B. Co.*, 16 South. 11. Counsel discuss other assignments of error not necessary to be here set out.

J. M. CHILTON, B. DEG. WADDELL, and JOHN V. SMITH, for appellee. The sale was for a sum in gross and not by the acre, and there can be no recovery for shortage in acreage.—*Norwood v. Washington*, 136 Ala. 657; *Pearson v. Hurd*, 135 Ala. 348. The other matters discussed by appellant in his brief are in no wise necessary to the disposition of the case.

McCLELLAN, J.—On June 12, 1907, Bettie E. Eborn (appellant) purchased of L. W. Phillips a large tract of land in Russell county, Ala. To secure the note for the deferred payment, Mrs. Eborn, on June 28, 1907, executed to Phillips a mortgage thereon for $4,500, the note to bear interest from date, and maturing June 28, 1909. On said last-stated date Phillips executed to Mrs. Eborn a bill of sale of certain personal property, usually pertaining to farming operations, on or about the farm so purchased by her. On the same day—the crop being then in near midseason of its cultivation—Phillips sold, etc., to Mrs. Eborn the growing crop for the current year 1907; "it being," as stated in the writing executed, "understood and agreed that the actual net cash outlay that the undersigned [Phillips] has expended in the making of the crop shall be reimbursed to him after the gathering and marketing of said crops; the undersigned, L. W. Phillips, agrees to care for, superintend, and carry the crop through completion and gathering." Phillips proceeded to discharge the authority thus conferred on him. Disagreements arose between them, and one Prince was substituted for him. Later one Kennedy was substituted for Prince.

The note and mortgage were assigned and transferred by Phillips to Miss A. C. Davis, and in turn she assigned and transferred them to W. O. Clark. Though these assignments are sought to be impeached by the bill, we may, at this point, say that the evidence fails to sustain the burden assumed by the complainant (appellant) in this regard. The charge of vitiating fraud is not justified in the evidence.

Upon default, W. O. Clark (transferee) proceeded to foreclose the mortgage under the power of sale. Before the day set therefor Mrs. Eborn filed this bill. It proceeds on the theory that, because of the insolvency of

Phillips, and the note not being negotiable, she was entitled to set off against the indebtedness represented by the note and mortgage; (a) The value of the crops and personalty committed to or coming into his (Phillips') hands under the quoted contract, which property, it is charged, Phillips wrongfully appropriated to his own use; (b) the damages resulting from the failure of the title conveyed by Phillips to her, in that he conveyed a fee-simple, whereas, he had only a life estate; (c) the proportionate reduction for shortage *in acreage* of the tract purchased and conveyed; and (d) the amount of commissions, viz., 5 per cent., on $30,000 due B. F. Eborn (a son of complainant—appellant), under a contract made by Phillips with him and assigned, before, the bill alleges, this bill was filed, by him to Mrs. Eborn. The restraint of the sale under the power was prayed, and temporary injunction to that end issued, and an accounting by Phillips, and (most generally stated) that discovery by Phillips of his acts as agent under the contract quoted be made. The bill does not appear to have been at all tested by demurrer.

A number of questions arising out of facts and circumstances additional to those indicated have been treated by the solicitors, and still others that suggest themselves. Independent of all considerations (which are pretermitted) other than those to be stated, the review here leads to the conclusion that the chancellor attained and enforced in his decree the correct result, so far as this appellant is concerned.

If the mentioned items of asserted set-off are not well founded in law and fact, as disclosed in this record, manifestly all other possible questions must be immaterial. The presently pertinent observations of the Supreme Court of Florida (treating the appellate function with respect to the duty to consider and decide only

*material* inquiries presented for decision) in *Mitchell v. Mason*, 61 South. 579, may be here referred to.

Mrs. Eborn took a formal part only in the transaction involved. Her son was her active representative throughout. From *his* testimony it appears that very important averments were incorporated in the complainant's pleading without due care to ascertain their at least fairly probable verity. His candor as a witness in this regard is to be commended; but, nevertheless, we are constrained to mention the apparent carelessness in the premises, expressly affirmed by him on his examination, with respect to the contents, in important particulars, of the bill.

The item of asserted set-off we have lettered *a* for convenience is not supported by the evidence. There is a failure of evidence to sustain the allegations of refusal of Phillips to submit, on demand, a statement of an account of his stewardship, and of the charge of appropriation by him of property belonging, under the contract quoted, to the complainant.

The item of asserted set-off lettered *b* appears to have been predicated of the mistaken theory that Phillips' title to the land was referable only to the will of his father, James Phillips; whereas, the duly certified probate court record of Russell county pertaining to the administration of James Phillips' estate shows a sale of the lands for the payment of the *debts* of the estate of James Phillips, the purchase thereof by Lovick W. Phillips, and confirmation thereof by the probate court of Russell county.

The item of asserted set-off lettered *c* is without merit, for that the sale and purchase of the tract was by metes and bounds, and *not* by the acre, and a gross value for the tract was agreed upon by the parties.—*Norwood v. Washington*, 136 Ala. 657, 33 South. 869.

The last item, *d*, relates to the commissions alleged to have been due B. F. Eborn. The evidence is convincing that the sum claimed by the complainant, as the assignee thereof, from her son had no basis in the contract between Phillips and B. F. Eborn; the final agreement being, as we find from the evidence on the subject, that the land to be sold by Eborn should net Phillips $30,000. This it did, and no more.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.